# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 1, 2003

## CHARLES ROY COLE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-02-135    Roy B. Morgan, Judge**

———————————

**No. W2002-01907-CCA-R3-PC  - Filed May 30, 2003**

———————————

Petitioner, Charles Roy Cole, filed a petition for post-conviction relief in the Circuit Court of Madison County. Following an evidentiary hearing, the trial court dismissed the petition. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Michael D. Rasnake, Jackson, Tennessee, for the appellant, Charles Roy Cole.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial in the Circuit Court of Madison County, Petitioner was convicted of rape of a child. The victim was his step-daughter. The conviction was affirmed on direct appeal. *State v. Charles Roy Cole*, No. W2000-01129-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 343 (Tenn. Crim. App. filed May 9, 2001, at Jackson), *perm. to app. denied* (Tenn. October 1, 2001). Petitioner timely filed a petition for post-conviction relief arguing that he received ineffective assistance of counsel.

In this appeal from the trial court's dismissal of the petition, Petitioner argues that his counsel rendered ineffective assistance of counsel by: (1) failing to adequately confer with him prior to the trial; (2) failing to timely provide Petitioner with his "discovery" material from the State; (3) failing to discuss with Petitioner a possible "avenue of defense;" and (4) failing to confer with Petitioner regarding issues for the motion for new trial and the appeal.

At the evidentiary hearing, Petitioner testified that his attorney met with him at the county jail on only two occasions, for a total time of approximately 20 minutes. He stated that his counsel never kept him informed of what was going on in his case, and failed to answer letters which he had sent to counsel. He also testified that his counsel never returned his numerous phone calls. Petitioner further elaborated that he informed his counsel of the situation regarding his arrest and statements which Petitioner had made to a crisis counselor at the hospital where Petitioner was arrested. Petitioner acknowledged that the first trial on this charge resulted in a hung jury and a mistrial, and that the State's proof was basically the same at the second trial, which resulted in a conviction. Petitioner testified about various other examples of his trial counsel's failure to act upon information, including Petitioner's health problems, which might have contradicted the facts of a rape of child charge, and the fact that statements he made to Mr. Jeff Gray were misconstrued. However, Petitioner testified that he denied making the statements, as alleged by the State during his testimony at trial.

Petitioner's mother testified at the hearing that she was unable to contact Petitioner's trial counsel by telephone on numerous occasions. She also testified that she had passed along exculpatory information to trial counsel which was never acted upon.

Petitioner's trial counsel testified that he promptly filed a motion for discovery after being retained to represent Petitioner, and that he received the discovery quickly. He eventually sent copies of the discovery to Petitioner. Counsel testified that he discussed the case with Petitioner and established a defense that the victim's allegations were fabricated because the victim wanted to "get even" with Petitioner. Petitioner had stopped the juvenile victim from dating a twenty-six-year-old man. At the conclusion of the hearing, the post-conviction court found that Petitioner had not carried his burden of proof to show that he had received ineffective assistance of counsel. The post-conviction court also found that trial counsel made strategic decisions, that he conferred with Petitioner regarding the decisions, and implicitly found the trial counsel's testimony to be credible, and Petitioner's testimony not to be credible. A review of the opinion of this Court affirming the conviction reflects that Petitioner was not prejudiced by the alleged deficiencies of his counsel's representation. The issues were presented to the jury. Furthermore, Petitioner's complaint that his counsel only met with him for twenty minutes prior to trial, even if true, is negated by the fact that Petitioner was convicted in his <u>second</u> trial following a hung jury after the first trial. Petitioner acknowledged that the proof was basically the same in both trials.

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *See Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

We conclude that the Petitioner failed to show that the services rendered by his trial counsel fell below the "range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, *supra*. Furthermore, even if trial counsel's services were below the standard, Petitioner failed to show by clear and convincing evidence that any alleged deficiencies had an "adverse effect on the defense." *Strickland v. Washington*, *supra*. Accordingly the judgment of the trial court must be affirmed.

## CONCLUSION

After a thorough review of the record and the briefs of the parties, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE